IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN KAYE DALY, | ) | 8:10CV174 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAMS CLUB WAL-MART | ) | |
| STORES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on May 5, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter against Sams Club Wal-Mart Stores Inc. ("Sam's Club"). (Filing No. 1 at CM/ECF p. 9.) Sams Club is a corporation located in Bentonville, Arkansas. (*Id*.) Plaintiff currently resides in Ralston, Nebraska. (*Id*.)

Plaintiff's Complaint is difficult to decipher. As best as the court can tell, Plaintiff alleges that, while she was working for Sam's Club on April 18, 2008, she experienced "mental abuse" and had a mental "breakdown." (*Id*. at CM/ECF pp. 1, 9.) After her breakdown, Plaintiff was treated at the hospital for a mental disorder. (*Id*.) Plaintiff returned to work, but experienced "mental abuse" again and was forced to quit her job on December 17, 2008. (*Id*. at CM/ECF pp. 3, 6.)

Plaintiff cannot sleep because of the mental abuse she experienced at Sam's Club and has been diagnosed with "PTSD." (*Id*. at CM/ECF pp. 4, 6.) Plaintiff seeks money to pay for "therapy." (*Id*. at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that she was discriminated against in violation of the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. §§ 12101-12213. As set forth in the ADA:

2

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). To establish a prima facie case of disability discrimination under the ADA a plaintiff must show that she: (1) has a disability as defined in 42 U.S.C. § 12102(2); (2) is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) has suffered an adverse employment action because of her disability. 42 U.S.C. § 12112(a); *see also Dropinski v. Douglas County, Neb.*, 298 F.3d 704, 706-07 (8th Cir. 2002). The employee retains the burden of persuading the trier of fact that she has been the victim of illegal discrimination due to her disability. *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir. 1995).

A person is disabled within the meaning of the ADA only if that person demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Here, Plaintiff alleges that she has a mental disorder, "PTSD," and experienced "mental abuse" that forced her to quit her job. (Filing No. 1 at CM/ECF pp. 3-4, 6.) However, Plaintiff does not describe the mental abuse or explain the circumstances surrounding her decision to quit. In short, Plaintiff has failed to allege facts sufficient

for the court to draw a reasonable inference that she suffered an adverse employment action because of her disability or that Defendant is somehow liable for discriminating against her. However, on the courts own motion, Plaintiff shall have 30 days to amend her Complaint and properly allege an ADA claim. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **July 15, 2010**, to amend her Complaint and clearly state a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on July 15, 2010.

4. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 15th day of June, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.