IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN KAYE DALY, | ) | 8:10CV174 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAMS CLUB WAL-MART | ) | |
| STORES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. On June 15, 2010, the court conducted an initial review of Plaintiff's Complaint and determined that Plaintiff failed to state an Americans with Disabilities Act ("ADA") claim upon which relief may be granted. (Filing No. 6.) However, the court granted Plaintiff the opportunity to amend. With respect to Plaintiff's ADA claim, the court stated that:

> Plaintiff alleges that she has a mental disorder, "PTSD," and experienced "mental abuse" that forced her to quit her job. (Filing No. 1 at CM/ECF pp. 3-4, 6.) However, Plaintiff does not describe the mental abuse or explain the circumstances surrounding her decision to quit. In short, Plaintiff has failed to allege facts sufficient for the court to draw a reasonable inference that she suffered an adverse employment action because of her disability or that Defendant is somehow liable for discriminating against her.

(Filing No. 6 at CM/ECF pp. 3-4.)

On June 18, 2010, Plaintiff filed her Amended Complaint. (Filing No. 7.) After a careful review, the court concludes that Plaintiff's Amended Complaint fails to state an ADA claim upon which relief may be granted. Although Plaintiff's Amended Complaint contains allegations that a hostile work environment forced her

to quit, she fails to clearly explain why her work environment was hostile or describe the circumstances surrounding her decision to quit. (*Id*. at CM/ECF p. 3; Filing No. 7-2, Attach. 2 at CM/ECF p. 3.) In fact, Plaintiff's allegations are very difficult to decipher. As best as the court can tell, Plaintiff decided to quit because Defendant refused to transfer her from Sam's Club to Wal-Mart.[1] (Filing No. 7-2, Attach. 2 at CM/ECF p. 1.) Overall, Plaintiff's allegations are insufficient for the court to reasonably infer that she suffered an adverse employment action because of a disability.

In addition to her ADA claim, the court liberally construes Plaintiff's Amended Complaint to allege an intentional infliction of emotional distress claim against Defendant for causing her PTSD. (Filing No. 7 at CM/ECF p. 1; Filing No. 7-3, Attach. 3 at CM/ECF p. 2.) To state a claim for intentional infliction of emotional distress under Nebraska law, "a plaintiff must allege facts showing (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it." *Heitzman v. Thompson*, 705 N.W.2d 426, 604-05 (Neb. 2005).

Here, Plaintiff has not alleged any facts to establish that Defendant's actions were reckless or outrageous. Moreover, Plaintiff has not shown that the distress she suffered was so severe that no reasonable person should be expected to endure it. In

---

[1] Plaintiff specifically states that: "I had to quit because when I got back the building Dec[.] 5 not waiting a month because I wrote Karen in appeals who I had been writing to threw [sic] this who[le] mess (stupid I know) I told her and my Psychiatrist I sent him how they wasn't letting me transfer to Wal-Mart and I had to sign that paper it would of been better if they would of fired me." (Filing No. 7 at CM/ECF pp. 4-5.)

short, Plaintiff's Amended Complaint also fails to state an intentional infliction of emotional distress claim against Defendant.

Last, Plaintiff makes several statements about a worker's compensation claim that Defendant allegedly filed regarding her April 18, 2008, "mental breakdown." (Filing No. 7 at CM/ECF pp. 5, 14; Filing No. 7-3, Attach. 3.) The court liberally construes these statements to allege a claim against Defendant for failing to pay worker's compensation for her PTSD. However, an injury related to mental stimulus, without a physical stimulus, is not compensable under the Nebraska Worker's Compensation Act. *See* Zach v. Nebraska State Patrol, 727 N.W.2d 206, 213 (Neb. 2007). Plaintiff does not allege that a physical stimulus caused or is associated with her PTSD. Thus, to the extent that Plaintiff seeks worker's compensation benefits for her April 14, 2008, "mental breakdown," her Amended Complaint also fails to state claim upon which relief may be granted.

In sum, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and it must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Amended Complaint (filing no. 7) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of July, 2010.

3

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.